IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAVANT SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CRESTRON ELECTRONICS, INC.,<br><br>Defendant.<br><br>CRESTRON ELECTRONICS, INC.<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>SAVANT SYSTEMS, LLC,<br><br>Counterclaim-Defendant. | Civil Action No.: 1:10-cv-11622 (WGY)<br><br>**[PROVISIONALLY REDACTED]** |

**DECLARATION OF JOHN J. KAVANAGH IN SUPPORT OF REPLY IN SUPPORT OF CRESTRON ELECTRONICS, INC.'S MOTION FOR SUMMARY JUDGMENT ON CLAIMS I-IX OF SAVANT'S SECOND AMENDED COMPLAINT**

I, John J. Kavanagh, being of full age, hereby certify as follows:

1. I am an attorney-at-law in the District of Columbia, and am counsel for Defendant Crestron Electronics, Inc. ("Crestron") in the above-captioned matter. As such, I am fully familiar with the facts and circumstances of this case. I make this Declaration in support of Crestron's Reply in support of its Motion for Summary Judgment.

2. I am familiar with the exhibits and data files Savant's proposed expert, Professor Einer Elhauge, created for and relied upon in the Corrected Expert Report of Einer Elhauge.

3. I am aware that Professor Elhauge relied on data in the file "27 Crestron Savant U.S. & Canada High-end Shares Calendar Year.csv," cited at Note 88 in his Corrected Expert Report, as an input in his calculation of Crestron's and Savant's market shares in the "high-end" market he asserts is the relevant antitrust market in this case. I am aware that this file identifies all sales of the specific Crestron and Savant products that Professor Elhauge included in his proffered "high-end" market.

4. I am aware that during discovery in this litigation, Professor Elhauge provided the program code that he used to compile the sales data that is reflected in his "27 Crestron Savant U.S. & Canada High-end Shares Calendar Year.csv" file, [redacted].

5. I am aware that by adding the appropriate computer code to Professor Elhauge's program for the file "27 Crestron Savant U.S. & Canada High-end Shares Calendar Year.csv," a report can be generated that identifies the specific Crestron products – by material number and description – that are included in Professor Elhauge's product market, as defined in the "27 Crestron Savant U.S. & Canada High-end Shares Calendar Year.csv" file cited at FN 88 of his Corrected Expert Report.

6. I have reviewed the list of Crestron products included in Professor Elhauge's "high-end" market per his computer code [redacted]) that generated the output for his "high-end" market shares ("27 Crestron Savant U.S. & Canada High-end Shares Calendar Year.csv") cited at Note 88 in his Corrected Expert Report.

7. The following table sets forth information regarding a representative list of thirty-one Crestron products included in Professor Elhauge's "high-end" market. The first two

columns in the spreadsheet identify (1) the product code (or material number description as it is called in Professor Elhauge's data) for the relevant Crestron product, and (2) the count of sales records for that product that are included in Professor Elhauge's market share calculation. The third, fourth, and fifth columns of the table reflect, respectively: (3) publicly available descriptive information regarding the nature of the product, obtained directly from Crestron's website, (4) the URL for the Crestron webpage pertaining to the particular product, and (5) the exhibit to this Declaration wherein a copy of each relevant Crestron product webpage has been attached.

| **Product** | **No. Sales** | **Description** | **Web Link** | **Exhibit No.** |
|---|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] | 710-A |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-B |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-C |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-D |

| | | | | |
|---|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] | 710-E |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-F |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-G |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-H |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-I |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-JJ |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-K |

| | | | | |
|---|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] | 710-L |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-M |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-N |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-O |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-P |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-Q |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-R |

| | | | | |
|---|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] | 710-S |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-T |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-U |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-V |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-W |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-X |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-Y |

| | | | | |
|---|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] | 710-Z |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-AA |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-BB |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-CC |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-DD |
| [redacted] | [redacted] | [redacted] | [redacted] | 710-EE |

8. Attached hereto as **Exhibits 710(A)-(EE)** are true and correct copies of the Crestron webpages describing each of the Crestron products listed in the foregoing table.

9. Attached hereto as **Exhibit 711** is a true and correct copy of a document produced by Crestron beginning with Bates No. Crestron2501286.

10. Attached hereto as **Exhibit 712** is a true and correct copy of a document produced by Crestron beginning with Bates No. Crestron1890981.

11. Attached hereto as **Exhibit 713** is are true and correct copies of documents produced by Crestron beginning with Bates Nos. Crestron1481347, Crestron1481348, Crestron1481349, and Crestron1481350.

12. Attached hereto as **Exhibit 714** is are true and correct copies of documents produced by Crestron beginning with Bates Nos. Crestron1973329 and Crestron1973331.

13. Attached hereto as **Exhibit 715** is a true and correct copy of a document produced by Crestron beginning with Bates No. Crestron2044335.

14. Attached hereto as **Exhibit 716** is a true and correct copy of a document produced by Crestron beginning with Bates No. Crestron2059086.

15. Attached hereto as **Exhibit 717** is are true and correct copies of documents produced by Crestron beginning with Bates Nos. Crestron2100831, Crestron2100833, and Crestron2101032.

16. Attached hereto as **Exhibit 718** is a true and correct copy of a document produced by Crestron beginning with Bates No. Crestron1881520.

17. Attached hereto as **Exhibit 719** are true and correct copies of documents produced by Crestron beginning with Bates No. Crestron2250485 and Crestron2250487.

18. Attached hereto as **Exhibit 720** is a true and correct copy of the rebuttal expert report of Dr. Andrew Joskow in this matter, submitted on May 2, 2014.

19. Attached hereto as **Exhibit 721** is a true and correct copy of the rebuttal expert report of Dr. Lauren Stiroh in this matter, submitted on May 2, 2014.

20. Attached hereto as **Exhibit 722** is a true and correct copy of excerpts from the deposition transcript of Dr. Andrew Joskow in this matter, taken on June 4, 2014.

21. Attached hereto as **Exhibit 723** is a true and correct copy of excerpts from the deposition transcript of Dr. Lauren Stiroh in this matter, taken on June 6, 2014.

22. Attached hereto as **Exhibit 724** is a true and correct copy of excerpts from the deposition transcript of Tricia Parks in this matter, taken on May 30, 2014.

23. Attached hereto as **Exhibit 725** is a true and correct copy of a document produced by Crestron beginning with Bates No. Crestron2502059.

24. Attached hereto as **Exhibit 726** is a true and correct copy of a document produced by Crestron beginning with Bates No. Crestron2011035.

25. Attached hereto as **Exhibit 727** is a true and correct copy of a document produced by Crestron beginning with Bates No. Crestron2502055.

26. Attached hereto as **Exhibit 728** is a true and correct copy of a document produced by Crestron beginning with Bates No. Crestron1475803.

27. Attached hereto as **Exhibit 729** is a true and correct copy of a document produced by Crestron beginning with Bates No. Crestron2519030.

28. Attached hereto as **Exhibit 730** is a true and correct copy of excerpts of a document produced by Savant beginning with Bates Nos. SAVANT0283299-SAVANT0283306.

29. Attached hereto as **Exhibit 731** is a true and correct copy of the webpage available at http://www.lutron.com/en-US/Products/Pages/WholeHomeSystems/Homeworksqs/Components.aspx .

30. Attached hereto as **Exhibit 732** is a true and correct copy of the webpage available at http://www.control4.com/press_releases/2009/09/10/os2-debut/2009/09/10/os2-debut.

31. Attached hereto as **Exhibit 733** is a true and correct copy of a document produced by Savant beginning with the Bates No. SAVANT0074229.

32. Attached hereto as **Exhibit 734** is a true and correct copy of excerpts from the deposition transcript of Professor Einer Elhauge in this matter, taken on May 22, 2014.

33. Attached hereto as **Exhibit 735** is a true and correct copy of the February 21, 2014 10-K filing of Control.

34. Attached hereto as **Exhibit 736** is a true and correct copy of excerpts from the rebuttal expert report of Tricia Parks in this matter, submitted on May 2, 2014 and revised on May 21, 2014.

35. Attached hereto as **Exhibit 737** is a true and correct copy of excerpts from the deposition transcript of Jason Jobe in this matter, taken on May 8, 2012.

36. Attached hereto as **Exhibit 738** is a true and correct copy of excerpts from the deposition transcript of Crestron Electronics, Inc. in this matter, through its corporate representative Randy Klein, taken on January 16, 2014.

37. Attached hereto as **Exhibit 739** is a true and correct copy of the document Bates numbered Crestron0181868, produced by Crestron in discovery in this matter.

38. Attached hereto as **Exhibit 740** is a true and correct copy of the document Bates numbered Crestron0059053, produced by Crestron in discovery in this matter.

39. Attached hereto as **Exhibit 741** is a true and correct copy of the document Bates numbered Crestron0138047, produced by Crestron in discovery in this matter.

40. Attached hereto as **Exhibit 742** is a true and correct copy of the document Bates numbered Crestron0030804, produced by Crestron in discovery in this matter.

41. Attached hereto as **Exhibit 743** is a true and correct copy of Crestron's Objections and First Supplemental Response to Savant's Third Set of Interrogatories, dated September 21, 2012.

42. Attached hereto as **Exhibit 744** is a true and correct copy of the document Bates numbered Crestron0287706, produced by Crestron in discovery in this matter.

43. Attached hereto as **Exhibit 745** is a true and correct copy of a photograph of Savant's headquarters at 770 Main Street in Osterville, MA, dated July 2009 and obtained from Google Maps , available at https://www.google.com/maps/@41.628003,-70.383452,3a,35.1y,42.22h,93.59t/data=!3m4!1e1!3m2!1sljmFe9HY5yBtnsl120d9lQ!2e0.

44. Attached hereto as **Exhibit 746** is a true and correct copy of excerpts from the deposition transcript of James Carroll in this matter, taken on March 22, 2013.

45. Attached hereto as **Exhibit 747** is a true and correct copy of the Amended Complaint filed in the case captioned *Crestron Electronics, Inc. v. Cyber Sound & Security*, Civ. No. 11-03492 (FSH), United States District Court, District of New Jersey.

46. Attached hereto as **Exhibit 748** is a true and correct copy of the hearing transcript, dated June 11, 2012, in the case captioned *Crestron Electronics, Inc. v. Cyber Sound & Security*, Civ. No. 11-03492 (FSH), United States District Court, District of New Jersey.

47. Attached hereto as **Exhibit 749** is a true and correct copy of excerpts from the deposition transcript of Dave Sell in this matter, taken on December 7, 2012.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 29, 2014. By: *_/s/ John J. Kavanagh____________*
John J. Kavanagh

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of August 2014, a true and correct copy of the foregoing pleading was served by filing it electronically with the Court's CM/ECF system on the below-named counsel of record. Unredacted copies were served on counsel by e-mail and FTP.

Thomas C. O'Konski
Aaron S. Jacobs
William J. Mostyn IV
Michael E. Attaya
Michael R. Reinemann
CESARI and MCKENNA, LLP
88 Black Falcon Avenue
Boston, MA 02210
Counsel for Savant Systems, LLC
(617) 951-2500 (Telephone)
(617) 951-3927 (Facsimile)
tok@c-m.com
ajacobs@c-m.com
wjm@c-m.com

Paul J. Hayes
Kevin Gannon
HAYES MESSINA GILMAN & HAYES LLC
200 State Street
Boston, MA 02109
(617) 439-4200 (Telephone)
(617) 443-1999 (Facsimile)
phayes@hayesmessina.com
kgannon@hayesmessina.com

Christopher S. Finnerty
Jeffrey S. Patterson
NELSON MULLINS RILEY &
SCARBOROUGH LLP
One Post Office Square, 30th Floor
Boston, Massachusetts 02109
chris.finnerty@nelsonmullins.com
jeffrey.patterson@nelsonmullins.com

Counsel for Plaintiff Savant Systems, LLC

/s/ ***Michael J. Pineault***